UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TERRY W. EMMERT sometimes doing business under the name EMMERT DEVELOPMENT COMPANY, | No. 3:13-cv-01317-HU |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| CLACKAMAS COUNTY, | |
| Defendant. | |

Hollis K. McMilan
HOLLIS K. MCMILAN, P.C.
805 S.W. Broadway, Suite 1900
Portland, OR 97205

Kenneth C. Bauman
Email: kencbauman@comcast.net
1406 S.W. Upland Dr.
Portland, OR 97221

    Attorneys for Plaintiff

Stephen L. Madkour
Alexander Gordon
OFFICE OF CLACKAMAS COUNTY COUNSEL
2051 Kaen Road
Oregon City, OR 97045-1819

    Attorneys for Defendant

Page 1 - OPINION AND ORDER

HUBEL, Magistrate Judge:

Before the Court is Defendant Clackamas County's motion to dismiss Plaintiff Terry Emmert's ("Plaintiff") complaint without prejudice and with leave to amend, pursuant to Federal Rules of Civil Procedure ("Rule") 8(a)(2), 9(b) and 12(b)(6). At oral argument and in his response brief, Plaintiff essentially conceded that his complaint fails to state a claim for fraud in light of the requirements imposed by Rule 9(b).[1] The Court will therefore limit its analysis to Plaintiff's remaining inverse condemnation and equal protection claims. For the reasons that follow, Defendant's motion (Docket No. 9) to dismiss is granted.

## I. FACTS AND PROCEDURAL HISTORY

The present action concerns thirteen tracts of land located within Clackamas County that were or are owned by Plaintiff in his individual capacity or as the sole member of Emmert Development Company, an Oregon limited liability company. Those tracts of land are generally referred to by the parties as: (1) the Hubbard Road Properties; (2) the 142nd Avenue East Properties; (3) the 142nd Avenue West Properties; (4) the Morning Way Properties; (5) the Con Battin Road Property; (6) the Sunnyside Road Property; (7) the 13171 Property; (8) the 15576 Property; (9) the 14785 Property; (10) the Clear Creek Estates Property; (11) the Emmert View Court

---

[1] For example, at page two of his response brief, Plaintiff states: "The Court can spare much time and aggravation sorting through the [Defendant]'s blunderbuss motion knowing that [Plaintiff] is prepared to file an amended complaint that repleads his allegations where needed, particularly those related to the fraud claim." (Pl.'s Resp. Br. at 2.) Similarly, at page nineteen, Plaintiff reiterates that he "will replead the fraud claim with greater specificity [as required under Rule] 9(b)." (Pl.'s Resp. Br. at 19.)

Page 2 - OPINION AND ORDER

Property; (12) the 11791 Property; and (13) the Southeast 114th Properties.

Plaintiff's complaint alleges the following facts, which the Court accepts as true.[2] In paragraphs ten through fifteen of the complaint, Plaintiff alleges that Defendant broke a verbal promise to purchase the Hubbard Road Properties and the 142nd Avenue East Properties, and then proceeded to discourage buyers from purchasing the 142nd Avenue East Properties and threatened to eliminate certain entries and/or attempt to thwart historic uses on two of the Hubbard Road Properties—one of which sold in November 2009.[3]

In paragraphs sixteen through nineteen of the complaint, Plaintiff alleges that a potential buyer rescinded an offer to purchase the 142nd Avenue West Properties in June 2008, when it became apparent that a zone change approved by Defendant in July 2007 would make development of the land "impossible." In paragraphs twenty through twenty-three of the complaint, Plaintiff alleges that Defendant broke a verbal promise to purchase the Morning Way Properties sometime around November 2008, causing him to lose a sale.

In paragraphs twenty-four through twenty-seven of the complaint, Plaintiff alleges that a light rail project caused a piece of land formerly owned by Defendant to revert to the State of Oregon at some unspecified time, and as a result, a buyer rescinded his offer to purchase the Con Battin Road Property on January 28,

---

[2] It must be noted that the facts recited below reflect the lack of specificity in Plaintiff's complaint.

[3] The Hubbard Road Properties were purchased at some unspecified time in 2003.

Page 3 - OPINION AND ORDER

2010. In paragraphs twenty-eight through twenty-nine, Plaintiff alleges that he has been unable to obtain access to the Sunnyside Road Property after a road widening project, which in turn has greatly impaired, if not eliminated, Plaintiff's ability to develop or sell the property.

In paragraphs thirty through thirty-two of the complaint, Plaintiff alleges that Defendant broke a verbal promise to purchase the 13171 Property, causing Plaintiff to lose to an unspecified purchaser at an unspecified time. In paragraphs thirty-three through thirty-five of the complaint, Plaintiff generally alleges that Defendant broke a verbal promise to purchase the 15576 Property.

In paragraph thirty-six of the complaint, Plaintiff generally alleges that potential buyers were given false information by Defendant "regarding the lots making up" the 14785 Property, and an unnamed individual who purchased a lot was given unspecified false information that delayed construction and apparently caused Plaintiff to refund her purchase money. In paragraph thirty-seven of the complaint, Plaintiff alleges that a buyer rescinded his offer to purchase a home at the Clear Creek Estates Property after Defendant repeatedly provided false information regarding the suitability of the septic system.

In paragraphs thirty-eight through forty of the complaint, Plaintiff alleges that an unnamed developer refused to purchase the remaining lots at the Emmert View Court Property because Defendant "caused the developer so many problems on the first four lots on which it wanted to build." Plaintiff also alleges that a couple has unsuccessfully tried to obtain a building permit from Defendant

Page 4 - OPINION AND ORDER

after purchasing a lot in 2006. In paragraphs forty-one through forty-two of the complaint, Plaintiff alleges that he lost a sale after Defendant misrepresented the boundary lines of the 11791 Property and that Defendant has refused to allow Plaintiff to develop or sell the property prior to competing a "comprehensive plan."

In paragraphs forty-three through forty-four of the complaint, Plaintiff alleges that Defendant agreed to allow him to use the Southeast 114th Properties for storage purposes and then proceeded to cite him for "illegal storage." In the process of challenging the citation, presumably at some administrative level, Plaintiff alleges that Defendant's employees lied about whether Plaintiff had received permission to use the Southeast 114th Properties for storage purposes.

Based on the foregoing events, Plaintiff filed the present action against Defendant on July 31, 2013, alleging a claim for inverse condemnation under the Oregon and United States Constitutions, a claim under 42 U.S.C. § 1983 for violation of Plaintiff's constitutional right to equal protection under the Fourteenth Amendment, and a claim for common law fraud. On February 19, 2014, the Court heard argument on Defendant's pending motion to dismiss. On April 21, 2014, before this Court issued its opinion, Plaintiff filed an unopposed motion to correct the record, or alternatively, to make roughly 100 pages of exhibits part of the record at the motion to dismiss stage. The following day, April 22, 2014, the Court issued a minute order granting Plaintiff's unopposed motion and clarifying that the aforementioned exhibits

had been "received and admitted as part of the record on Defendant's Motion to Dismiss."[4]

## II. LEGAL STANDARD

**A.   Rule 8(a)(2)**

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Put another way, the federal notice pleading standard requires that the pleader "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Shannon v. County of Sacramento*, No. 2:13-cv-018342013 WL 6564318, at *2 (E.D. Cal. Dec. 13, 2013) (citation omitted).

**B.   Rule 12(b)(6)**

A court may dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the court must accept all of the claimant's material factual allegations as true and view all facts in the light most favorable to the claimant. *Reynolds v. Giusto*, No. 08-CV-6261, 2009 WL 2523727, at *1 (D. Or. Aug. 18, 2009). The Supreme Court addressed the proper pleading standard under Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* established the need to include facts sufficient in the pleadings to give proper notice of the claim and

---

[4] "To the extent that [any] factual deficiencies in Plaintiff's claims are cured by facts revealed in his exhibits but not in the body of his complaint, Plaintiff is advised that he should file an amended complaint that specifically alleges those facts instead of relying exhibits to present those facts." *Eaves v. Castro*, No. 1:09-cv-01647-SKO, 2010 WL 2817609, at *4 (E.D. Cal. July 16, 2010).

Page 6 - OPINION AND ORDER

its basis: "While a complaint attacked [under] Rule 12(b)(6) . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (brackets omitted).

Since *Twombly*, the Supreme Court has clarified that the pleading standard announced therein is generally applicable to cases governed by the Rules, not only to those cases involving antitrust allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The *Iqbal* court explained that *Twombly* was guided by two specific principles. First, although the court must accept as true all facts asserted in a pleading, it need not accept as true any legal conclusion set forth in a pleading. *Id*. Second, the complaint must set forth facts supporting a plausible claim for relief and not merely a possible claim for relief. *Id*. The court instructed that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1949-50 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). The court concluded: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950.

The Ninth Circuit further explained the *Twombly-Iqbal* standard in *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009). The

Page 7 - OPINION AND ORDER

*Moss* court reaffirmed the *Iqbal* holding that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 129 S. Ct. at 1949). The court in *Moss* concluded by stating: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inference from that content must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969.

### III. DISCUSSION

**A.   Equal Protection**

Plaintiff brings a claim against Defendant under § 1983 for violation of his constitutional right to equal protection. The Fourteenth Amendment's Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Plaintiff alleges that Defendant, "in its regulatory decisions and its conspiracy to block [him] from developing his land, has singled him out for different treatment from other landowners in [Clackamas] County." (Pl.'s Resp. Br. at 7.) In other words, Plaintiff proceeds under a "class of one" theory of equal protection.

"The Supreme Court has recognized that 'an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'" *Gerhart v. Lake County*, 637 F.3d 1013 (9th Cir. 2011) (citation omitted). To state a plausible class-of-one claim, "a plaintiff must allege that (1) the defendant treated him

Page 8 - OPINION AND ORDER

differently *from others similarly situated*, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Cooper v. Menges*, 541 F. App'x 228, 233 (3d Cir. 2013) (emphasis added); *see also Village v. Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.").

In *Scocca v. Smith*, No. C-11-1318 EMC, 2012 WL 2375203 (N.D. Cal. June 22, 2012), the district court expounded on the pleading requirement in a class-of-one equal protection case, stating:

> [w]here a plaintiff is making a class-of-one claim, the essence of the claim is that only the plaintiff has been discriminated against, and therefore the basis for the differential treatment might well have been because the plaintiff was unique; thus, there is a higher premium for a plaintiff to identify how he or she is similarly situated to others. As the Second Circuit noted in [a 2010 decision], class-of-one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves. Several [other] courts have [also] indicated that there needs to be specificity in a class-of-one case.

*Id.* at *5 (internal citations, quotation marks and brackets omitted).

In *Perano v. Township of Tilden*, 423 F. App'x 234 (3d Cir. 2011), for example, the Third Circuit stated:

> [Plaintiff] has simply alleged that he was treated differently from other similarly situated residential and commercial developers. Without more specific factual allegations as to the allegedly similarly situated parties, he has not made plausible the conclusion that those parties exist and that they are like him in all relevant aspects. Accordingly, [Plaintiff] has failed to state a[] [plausible class-of-one] Equal Protection claim.

Page 9 - OPINION AND ORDER

*Id.* at 238-39 (internal citation and quotation marks omitted); *see also Scocca*, 2012 WL 2375203, at *6 (concluding that the plaintiff failed to state a plausible class-of-one Equal Protection claim because he only alleged in conclusory terms that he was similarly situated with seventy other people who were apparently treated differently).

Here, the Court agrees with Defendant that Plaintiff has failed to state a plausible class-of-one claim under the Equal Protection Clause. The complaint alleges "[t]here are no other similarly situated property owners and/or developers within Clackamas County known to [Plaintiff] who have been subjected to the same and/or similar interference with their efforts to sell and/or develop their properties." (Compl. ¶ 56.) Plaintiff has the test backwards. It is not the **absence** of similarly situated property owners who have had the same or similar treatment by Defendant that supports this type of claim. It is the **existence** of such similarly situated property owners who weren't treated in the alleged manner that gives rise to the claim. Plaintiff must allege with particularity who these "others" are. *See Vinatieri v. Mosley*, 787 F. Supp. 2d 1022, 1031 (N.D. Cal. 2011) ("Vinatieri has not explained to *whom* he was similarly situated. . . . The equal protection claim must be dismissed, although Vinatieri may amend the FAC if he can do so."); *Shapiro v. Suvorov*, No. SACV 14-0286-UA, 2014 WL 1347180, at *7 (C.D. Cal. Apr. 4, 2014) ("While Plaintiff claims that he was treated differently than the other subtenants at the premises, Plaintiff has not alleged that his circumstances were similar to those of any other subtenant in all relevant respects.").

Page 10 - OPINION AND ORDER

In short, the Court grants Defendant's motion to dismiss Plaintiff's class-of-one equal protection claim with leave to replead in accordance with the authorities cited in this Opinion and Order.

**B.    Inverse Condemnation**

Plaintiff also brings a claim against Defendant for inverse condemnation.  Though styled as a single claim for relief, in paragraph fifty of his complaint, Plaintiff alleges a taking of property without payment of just compensation in violation of Article I, section 18, of the Oregon Constitution, as well as the Fifth Amendment to the United States Constitution.  In his briefing, Plaintiff focuses his arguments on the viability of a state law claim for inverse condemnation, and at one point, seemingly suggests that the Court should disregard Defendant's reliance on a federal takings case. (Pl.'s Resp. at 16) ("But the federal constitution does not become relevant until the Oregon constitutional claim is resolved . . . .").  But Plaintiff also characterizes his inverse condemnation claim as "claims [pleaded] under both the Oregon and federal constitutions," citing paragraph fifty of his complaint. (Pl.'s Resp. at 9.)

"Inverse condemnation is simply a popular term for a takings claim in which the government has taken property without formal condemnation proceedings." *W. Linn Corporate Park, LLC v. City of W. Linn*, 428 F. App'x 700, 701 n.2 (9th Cir. 2011).  The criteria for an unconstitutional taking are not necessarily identical under the provisions of the state and federal constitutions, however. *Ferguson v. City of Mill City*, 120 Or. App. 210, 213 (1993). Indeed,

Page 11 - OPINION AND ORDER

> [t]he Oregon Supreme Court has observed that the 'basic thrust' of the two constitutional provisions 'is generally the same' but has cautioned that the 'criteria' used to determine if a 'taking for public use' has occurred within the meaning of the Oregon Constitution 'are not necessarily identical to those pronounced from time to time by the United States Supreme Court under the fifth amendment.'

*Schoonover v. Klamath County*, 105 Or. App. 611, 614 (1991) (citing *Suess Builders v. City of Beaverton*, 294 Or. 254, 259 n.5 (1982)).

An example that illustrates the importance of the distinction is *David Hill Development, LLC v. City of Forest Grove*, 688 F. Supp. 2d 1193 (D. Or. 2010), where Judge Acosta undertook separate state and federal takings analyses and ultimately granted summary judgment on the plaintiff's state law inverse condemnation claim and denied summary judgment on the plaintiff's federal inverse condemnation claim. *Id*. at 1197 & 1209-11. Later in his opinion, Judge Acosta also noted that state law takings claims are subject to a six-year statute of limitations under ORS 12.080(4), while federal takings claims brought under § 1983 are governed by Oregon's two-year statute of limitations for personal injury claims. *Id.* at 1223.

In the Ninth Circuit, "[t]aking claims must be brought under § 1983." *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003); *Golden Gate Hotel Ass'n v. City & County of San Francisco*, 18 F.3d 1482, 1486 (9th Cir. 1994) ("[A]ll claims of unjust taking ha[ve] to be brought pursuant to Section 1983" (citing *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992))). "To state a claim under § 1983, a plaintiff must allege two essential elements—that a right secured by the Constitution or laws of the United States was

Page 12 - OPINION AND ORDER

violated; and that the alleged violation was committed by a person acting under the color of state law." *Taylor v. Fields*, No. C 14-0411 PJH, 2014 WL 644557, at *4 (N.D. Cal. Feb. 19, 2014) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

In *White v. Valley County*, No. 1:09-cv-494-EJL-CWD, 2011 WL 4583846 (D. Idaho Sept. 30, 2011), for example, the plaintiffs filed objections to the magistrate judge's report and recommendation, arguing, among other things, that "they should be allowed to bring a direct action under the Takings Clause without pleading it under § 1983." *Id.* at *7. The district judge acknowledged that the plaintiffs were "not alone in their view," *id.* (citing *Lawyer v. Hilton Head Pub. Serv. Dist. No. 1*, 220 F.3d 298, 303 n.4 (4th Cir. 2000)), but nonetheless concluded that he was bound by Ninth Circuit precedent requiring that taking claims be brought pursuant to § 1983. *Id*. Borrowing Idaho's two-year statute of limitations for personal injury actions, the Court went on to conclude that one of the plaintiff's federal constitutional claims (including a federal takings claim) were barred. *Id*. at *8.

Here, Plaintiff explicitly invokes § 1983 with respect to his class-of-one equal protection claim, in addition to asserting that the alleged equal protection violation was "done under color of laws, ordinances, and regulations of the State of Oregon and Clackamas County." (Compl. ¶ 54.) Yet, Plaintiff fails to do either with respect to his inverse condemnation claim. The Court cannot overlook these deficiencies because subject-matter jurisdiction in this case "is wholly based upon Plaintiff's § 1983 claims. Consequently, if Plaintiff's complaint fails to state plausible § 1983 claims, this Court would lack federal question

Page 13 - OPINION AND ORDER

jurisdiction." *Miller v. Kashani*, No. CV 12-5649 CAS (AN), 2012 WL 4088689, at *2 (C.D. Cal. Aug. 17, 2012).

In summary, the Court concludes that Plaintiff has failed to state a plausible takings claim under § 1983, or a plausible class-of-one equal protection claim under § 1983. The Court grants Plaintiff leave to amend his complaint, but declines to address any state law claim at this time. *See Bean v. Shapiro*, No. C 06-201(RS), 2006 WL 3411875, at *3 (N.D. Cal. Nov. 27, 2006) ("[T]he Court concludes that Bean has failed to allege a cognizable federal claim against Shapiro or Villasenor, and thus has failed to allege a basis for subject matter jurisdiction in this Court. Because the Court concludes that Bean has failed to allege a cognizable federal claim, the Court need not address Bean's state law claims. . . . [T]he Court will grant Bean one final opportunity to attempt to allege a viable federal claim."); *see also Wiley v. Dep't of Children & Family Servs.*, No. CV 12-04334 GHK (AJW), 2013 WL 5775187, at *7 (C.D. Cal. Oct. 25, 2013) ("The complaint fails to state a federal claim, and no diversity jurisdiction exists against the County. Accordingly, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.").

## IV. CONCLUSION

For the reasons stated, Defendant's motion (Docket No. 9) to dismiss is granted. Plaintiff is granted thirty days (30) leave to replead in accordance with this Opinion and Order. The parties are expected to confer about the form of the amended complaint before it is filed to attempt to eliminate another round of motions to

Page 14 - OPINION AND ORDER

dismiss. Once filed, Defendant will have forty-five (45) days to respond to the amended complaint.

IT IS SO ORDERED.

Dated this  24th   day of June, 2014.

/s/ Dennis J. Hubel
_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 15 - OPINION AND ORDER