IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRY W. EMMERT,

        Plaintiff,                                 No. 03:13-cv-01317-ST

        v.

CLACKAMAS COUNTY,                           ORDER

        Defendant.

HERNANDEZ, District Judge:

        Magistrate Judge Stewart issued a Findings & Recommendation (#39) on May 12, 2015, in which she recommends the Court grant in part and deny in part Defendant's motion to dismiss. Defendant has timely filed objections to the Findings & Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

        When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th

1 - ORDER

Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered Defendant's objections, and other than those issues discussed below, conclude there is no basis to otherwise modify the Findings & Recommendation. I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings & Recommendation.

First, I agree with Defendant that in addition to Judge Stewart's recommendations that the First and Second Claims based on inverse condemnation must be amended to include a "public use" intent allegation, and that the Fourth Claim for fraud be pleaded as an alternative claim, the inverse condemnation claims should be further amended to include more specific allegations to support Plaintiff's condemnation-cloud/blight theory. As indicated in Picard v. Bay Area Regional Transit District, 823 F. Supp. 1519, 1525 (N.D. Cal. 1993), condemnation-cloud/blight cases require some sort of "official action" allegation (contending that the governmental entity has indicated its intent to acquire the property) in order to "determine whether impermissible delay has taken place, and to distinguish a government entity's planning activities from its acquisition strategies." Id. While Plaintiff's allegations in Paragraphs 5-9 of the First Amended Complaint describe Defendant's conduct, they do not sufficiently allege communication or other conduct in which Defendant designated the Properties for acquisition.

For example, in regard to the Sunrise Corridor Project, Plaintiff alleges that Defendant contemplated, studied, and planned a route that was then designated the preferred option in the Final Environmental Impact Statement. First Am. Compl. at ¶¶ 5, 6. But, those allegations are not equivalent to an allegation affirmatively indicating that Defendant moved from planning to an intent to acquire the property. Given that Plaintiff must amend the inverse condemnation

claims as to the "public use" intent allegations, it makes sense to require Plaintiff to more specifically allege the requisite "official actions" taken here. See Picard, 823 F. Supp. at 1521 (noting allegations including "[w]ithin the last five years, BART has repeatedly designated plaintiffs' property for acquisition in resolutions, plans, and public announcements").

Second, I agree with Defendant that the inverse condemnation claim alleged under the Oregon Constitution, to the extent it relies on a regulatory taking theory, must be amended to allege that Defendant's conduct deprived the Properties of all economically viable use. Dunn v. City of Milwaukie, 335 Or. 339, 348, 328 P.3d 1261, 1267 (2014) (citing Boise Cascade Corp. v. Bd. of Forestry, 325 Or. 185, 198, 935 P.2d 411, 420 (1997)). The allegations in Paragraphs 49 and 56 do not meet that standard.

Third, I agree with Defendant that as to the timeliness of the Oregon Tort Claims Act notice, given that Plaintiff is relying on the "discovery rule," his state law claims require amendment to include allegations regarding when he discovered the alleged tortious conduct. See, e.g., Vaccarino v. Midland Nat'l Life Ins. Co., No. CV-05858 CAS (MANx), 2011 WL 5593883, at *4 (C.D. Cal. Nov. 14, 2011) (when complaint indicates that the fraud is remote and implicates statute of limitations issues and the plaintiff relies on the "discovery rule," the plaintiff has a duty to affirmatively plead the date of discovery under Rule 9).

Other these issues, the Findings & Recommendation requires no further modification.

## CONCLUSION

The Court ADOPTS IN PART Magistrate Judge Stewart's Findings & Recommendation [39], and therefore, Defendant's motion to dismiss [34] is granted in part and denied in part as follows: the motion is (1) granted as to the First, Second, and Third Claims without prejudice and

with leave to replead with allegations regarding public use and official action, and further as to the Second Claim, with allegations regarding the deprivation of all economically viable use; (2) granted as to the Fourth and Fifth Claims without prejudice and with leave to replead with allegations as to when Plaintiff discovered the allegedly tortious conduct; (3) granted as to Plaintiff's claim for punitive damages; and (4) is otherwise denied.

    IT IS SO ORDERED.

    DATED this \_\_\_1\_\_\_ day of \_\_July\_\_, 2015.

*/s/ Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

4 - ORDER